Opinion by
Hurt, J.
§ 642. Measure of damage; marhet value; ease stated. Appellee sued appellant in justice’s court for $110 damages for injury done by appellant to his horse. He recovered a judgment in said court for said amount, and also recovered judgment for same amount and all costs in the county court, to which court the case had been taken by appeal. On the trial in the county court the judge, upon the subject of the measure of damages, instructed the jury in one portion of his charge as follows: “ In ascertaining the damage of plaintiff, the jury will take into consideration the value of the horse to the plaintiff before and after the injury, as well as the value of the horse to horse dealers, and the plaintiff is entitled to recover at your hands the difference in said values.” Meld: If there was a market for the animal, the measure of damage was the difference between its market value before and after the injury. It is clear, from the evidence, that there was a market for this animal. Hence the rule for determining the measure of damages was plain and simple. Subtract the market value of the horse' after the injury from its market value before the injury, and the difference will be the damages recoverable. But the court did not by its charge confine the jury to the market value of the horse, but allowed them to consider the value thereof to the plaintiff. Under the facts of this case this charge was materially erroneous, and calculated to mislead the jury from the true rule, there *561 being evidence which tended to prove that the horse was specially valuable to the plaintiff.
March 11, 1885.
§ 613. Market value; evidence to prove. “If the article in question has a market value, that will usually control as the best evidence of its value. If this test has been applied to it, by actual sale of it, the fact may be proved as evidence of its value. It is not conclusive, but tends to show its value, and in the absence of other evidence would suffice. Even the amount the goods cost is admissible for the same purpose. When the cost was the price at which a regular dealer in such articles had sold it when new, in the ordinary course of trade, it is evidence of the market value, and if afterwards deteriorated by use, like furniture, its present value can be ascertained by reference to the former price and the extent of depreciation. So the amount it sold for at auction has been admitted. Witnesses having the requisite knowledge, they testify to facts rather than opinions. It is knowledge more or less special, though it is largely, and may be exclusively, hearsay. ” [2 Sutherland on Dam. 375.] In this case the evidence was, that plaintiff paid $200 for the horse before the injury, and that, immediately after the injury, he had him sold at public auction, and he brought the price of $100, of which sum plaintiff paid the auctioneer, for making the sale, $10. Plaintiff recovered judgment for $110. Held: The price which the horse brought at auction, while evidence ■of his market value, was not conclusive, and plaintiff’s damages were not limited to the difference between that price and the value of the horse before the injury. It was a matter for the jury to determine, from all the evidence in the case, what the difference was in the value of the horse before and after the injury. There was evidence that the horse, after the injury, was not worth more than $90, and upon this evidence the jury may have based their verdict.
Reversed and remanded.